ROANE, Judge.
This case depends tipon the construction of the will of Joseph Achilly dated on the 11th of March 1699-1700. And, before I go into this construction, I will mention two or three principles, which I hold to be incontestible, and, under the influence of which, I think that construction ought to be made.
1. Then it is a rule, that in construing a will the intention of the testator should be collected from the whole instrument taken together; every expression should have its due weight; and, as is some where said, every string should give its proper sound.
2. It is also a rule, that the construction ought to be made as at the time of the death of the testator; and ought not to be differed in consequence of a contingency, therein contemplated (but the event of which was unknown to the testator at the time,) having afterwards happened the one way or the other. This principle will take into the consideration of the present case the devise to the son (although none was in fact born,) and the consequences resulting therefrom; which must be supposed to have been in the contemplation of the testator.
3. That where the testator does not use proper technical words to express his meaning, the court may supply them, in order to effectuate the manifest intention of the testator; and for such purpose only.
Under the influence of these principles a difficulty arises, as to the words which are to be supplied after the words, if the child should die, in the ultimate devise to the wife; it being evident that some must be supplied, as a dying simply is not a contingent event, but naturally certain. *The words, “without issue;” and “under the age of twenty one;” or in the event of there being a daughter “before marriage,” have all been assumed; and the question is, which of them shall be adopted?
In the devise to the son, if the words, live to the age of twenty one years, be considered as only extending to the time, when the privilege, as to the house and part of the land, is to commence (notwithstanding the mother may be alive,) but not as a condition precedent to the vesting of his interest in the land on the death of the mother, the words in the same clause “and after the decease of his mother then” will have their full effect; whereas by a contrary construction those words will have no-effect, in case of the son being under age at the time of the death of the mother. Eor, notwithstanding her death, he could not have succeeded under that construction ; because not of the age of twenty one years.
But it would be improper to construe a provision in his favour, predicated upon the event of his mother being alive at the time of his coming of age, to narrow a right given by the same clause to succeed to the whole land, upon the death of his mother.
The intention of the testator relative to-both his son and daughter (for the material words in both the devises are substantially alike as far as concerns the present question) is to give a provision by way of support, when they respectively arrive to lawful age, or the daughter marries; but he never could have meant, nor can we so expound the will, without rejecting some of his words as above, that their interest in the lands, after the death of the mother, should be postponed to the same period; and, in the event of their not attaining to lawful age, be lost. This, in the case of the son, would be to pretermit his children, if he died under age leaving any, in ^favour of the heirs of the testators wife (perhaps by another husband;) which it is presumed the testator cannot be supposed to have intended: Especially as the wife, on my construction, has a present interest for life in the whole land, and a remainder in fee expectant upon the extinction of the testators lineal descendants.
Besides I hold it to be a circumstance of some weight, in ascertaining the testators intention, that my construction of it conforms to a very usual mode of settlement, limiting an estate for life, remainder in tail, remainder in fee.
With respect to the operation of conditional words, by way of condition, precedent or otherwise, it is not necessary to go-into that doctrine: as, in this case, the intention of the testator restricts the conditional words to the privileges contemplated, and does not extend them to affect the right to the land, on the death of the mother: But if so, then upon the birth of the daughter, she had a vested remainder in tail, remainder in fee to the wife; and upon the death of the daughter, without issue, the wife, and the defendant claiming under her, became entitled to the land in question. Therefore I think the judgment ought to be affirmed.
CARRINGTON, Judge.
In the construction of wills, the testators intention should be the rule of decision. By that standard, courts should be governed, and the intention should be pursued, as far as the rules of law will permit.
To effect this object, the words of the will are in general to be attended to; but it is sometimes necessary, in order to fulfil the manifest general intention of the testator, to supply such words, as, from the general *257 complexion of the will, compared with the situation of the testator, and of the legatees and objects of his bounty, are absolutely necessary to effectuate the purposes and dispositions intended by him.
*In doing this, too great latitude of construction on one hand, and too scrupulous a regard to the strict limits of legal rules on the other, are equally to be avoided, and a just medium observed.
In the present case, the testator, a century ago, being possessed of an estate both real and personal, and probably without relations, but having a wife supposed to be pregnant, made his will; and thereby, after reciting that he means to dispose of all his temporal estate, manifests an intention to make provision for his wife, during life in the first place; next to preserve his estate to the heirs of his own body; and, failing those, to give the whole to his wife; who, next to his own issue, was 'the favourite object of his bounty.
Let us consider the mode by which he intended to effect this :
First then, I am of opinion that the son, if one had been born, would have been entitled to a vested remainder in tail at his birth, to take effect, in possession, upon the death of his mother. But he would, in the mean time, on his coming to the age of twenty one, have had a right to the use of part of the lands, during the lifetime of his mother. Any other construction would have disinherited the issue of the son; which never could have been intended, by the testator.
In like manner I think the daughter, by the same rule of construction, likewise took a vested estate tail at her birth to take effect, in possession on the death of her mother. But, as she married and died without issue, a doubt arises as to the meaning of the testator by the words, if the child die &c., in the subsequent clause of the will.
The question is whether he meant a dj'ing generally? or before his age of twenty one, if a son, or marriage, if a daughter? or, as Mr. Call supposed, before the birth of the child? or lastly without heirs of the body?
*TIe could not have meant the first, because he knew death was certain: nor the second, because the sons issue would have been disinherited, as before observed, if he had died before twenty one; nor the third, because the general tenor of his will shews he contemplated tne childs being born alive: Therefore he must have meant the last.
According to which idea, the true construction is, that the testator by the latter words, if the child should die, referred to the preceding devise to the daughter in tail, and meant to add the words, without heirs of her body, but inadvertently omitted them. Therefore, in order to fulfill his intention, and carry the dispositions, he was making, into effect, it is necessary to supply those words: And then, upon the death of the daughter without issue, the remainder in fee took effect in possession in the wife.
Being of this opinion, it is unnecessary to trace the title of the plaintiff any further; or that of the defendant at all. For the defendant being in possession must remain so, until a better title is shewn. But I will add, that the defendant and his ancestors having been so long in possession, I should be extremely unwilling to disturb it, unless compelled thereto by positive law.
I am for affirming the judgment of the District Court.
LYONS, Judge, concurred that the Judgment should be affirmed.
PENDLETON, Presiden*.
We are all agreed, that death being certain and not contingent the testator must be supposed to have meant some other event added to-the death, which was really contingent, and which the Court in construction must supply ; but we differ about the extent of that supplement. I think he meant, the contingency of the sons dying under twenty one without leaving issue, or a daughters dying under that age, not having been married. My worthy brethren add a ^further contingency; namely that of a general failure of issue of the children, which does not appear to me to have been contemplated by him.
I would observe, that, in supplying words on such occasions, we are not at liberty to form guesses or conjectures of what we would have intended in such a case, but to supply the omitted words, as necessary from the complexion of the whole will, as is said by Ld. Mansfield in Watson v. Sheppard, Dougl. 28. On this view, I have formed my opinion.
As there was no son, but a daughter only, I disregard the clause for that event, as a supposed case which never happened; altho’ there is no material difference, except that the devise to the son is upon condition, that he attain the age of twenty-one, and that to the daughter, of her attaining that age, or being married.
The case of a son was mentioned, for the sake of observing, that if the limitation to the wife was upon the son’s attaining 21, and he had died under age leaving issue, they would be disinherited, contrary no doubt to his apparent intention. I answer, that if that case had happened, from the plain intention to provide for the issue, I would have interposed the words in the limitation to the wife, if my son die under 21 without leaving issue; confining it to the event at that period, and not extending it to a general failure of issue.
But however necessary this might be in the case of the son, it could not be so in the case of a daughter, who could not have issue before her marriage; which was a performance of the condition.
That the daughters attaining full age, or her marriage was a condition precedent to the vesting of any estate in her, appears to me evident; since although the cases shew, that the words when and as may be applied to the time of possession, and not to the vesting, I believe it never was, nor can be doubted, but that the word if must make such condition.
*Upon the will in the case before us, the condition applies to the whole; as well the remainder in tail after the death of the wife, as the moiety of the personal estate she was to have on mar *258 riage or coming of age, being coupled together by the word and. Thus making both to depend on the same condition, though to come into possession at different periods. So that the daughter on her coming of age, took a vested 'interest in half the personal estate in possession, and a vested remainder in tail in the real estate after the death of the wife. So far the reversion in fee is undisposed of; and, if the will had stopped there, would unquestionably have descended to the daughter. We come then to the enquiry whether that reversion is disposed of to the wife in the next clause. That a man may devise to A for life, remainder to B in tail, remainder to A in fee, is not questioned; but the true question is, whether this testator designed to make such a disposition?
That he intended his wife should have his whole estate, in case a child should be born, and die under age arid unmarried, is apparent; for this might be beneficial to her whom he preferred to any other, having no collateral relations of his own: But that he looked forward to the remote possibility of a failure of issue, at any time after, is what I cannot discover a hint of, in this will; and therefore, although he might have made such a limitation, and if he had done so, the court could not have controuled it, the case is quite altered, when we are to supply words, supposed, from apparent intention, to have been omitted.
I can easily conceive that although he meant to provide for the case of his children dying in their infancy, when they could not make any disposition of their estates, yet when they came of age and had families of their own, they should take the estate in tail with the remainder in fee, subject to all the legal consequences of such an interest; that is to say, they could not alien in ^prejudice of their issue, unless by a legal mode the estate tail was defeated, but might do so if their issue failed.
As death is naturally opposed to life, there was great force in Mr. Call’s observation, that the testator used the word die in opposition to living; that is, if 'the child die before the time I have required it should live to be entitled to my estate, then I give it to my wife.
My interpretation will make the two clauses consistent, but the other will produce inconsistency. For the half of the personal estate is given to the daughter absolutely, not to her and the heirs of her body; but the limitation over to the wife comprehends the whole personal estate with the lands, and if he meant the limitation to be on a general failure of issue, it would have contradicted the devise of the personal estate. If he had expressly so limited it, then it would have either been good as to the land, and void as to the personals, or good as to both by applying them to each in different meanings. But let it still be remembered, that we are supplying words for him, and should not make him contradict himself.
A question was asked, could the testator mean if his daughter died the day after marriage that his wife should not have the estate? I answer, he has fixed her marriage ' for vesting the estate in her, without hinting a difference in her interest, whether she lived a day or an hundred years. But I think I am warranted by the will, in saying, that if the testator had been asked, whether if his child had issue and that issue failed a thousand years after, the estate should go to the heirs of his wife, (the consequence of the limitation on a general failure of issue,) or to those claiming under his child or issue? He would have answered, that he cared nothing about it.
Upon the whole, the only supplement, which I think myself at liberty to make, will leave the *clause to read thus “Item, it is my further will and pleasure, that if the child, wherewith my wife now goes withal, die (if a male before he attains the age of twenty-one or have issue, or if a female before she shall attain that age or be married,) then I give and bequeath to my said dear and loving wife Mary Achilly and' her heirs, all my lands, houses, negroes, stocks, goods and chattels and debts due:” Making it an executory devise of the fee to the wife, upon the contingency of the sons dying without issue under age, or a daughter dying under age unmarried, which I conscientiously believe was his intention.
However as the other Judges are of a contrary opinion, the judgment must be affirmed.
Judgment affirmed.